# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL OLEKANMA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-1664 |
| MARGARET CHIPPENDALE, et al., | * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM**

On June 5, 2019, Samuel Olekanma filed a complaint with the civil filing fee and exhibits, naming sixteen employees of the Maryland Department of Public Safety and Correctional Services ("DPDCS") as well as "Unknown Defendants employee [sic] of DPSCS." ECF 1 at 9-10, 12; ECF 1-1. He claims defendants have conspired to murder or assassinate him; committed war crimes; hate crimes; crimes under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); "honest service fraud"; violated the Maryland Constitution and Maryland statutes; and obstructed justice in connection with gunshots fired at his home on two separate occasions. ECF 1 at 10-11. Additionally, Olekanma sets forth a laundry list of civil causes of action based on civil rights statutes, fraud, Eighth Amendment failure to protect claims, and discrimination based on race, national origin, and age. ECF 1 at 11-13.

### I. Pleading Standard

The court recognizes that Olekanma is self-represented and will hold the complaint to a less stringent standard than one drafted by an attorney. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). A plaintiff who submits an inartfully pleaded suit that contains a potentially cognizable claim should be given the opportunity to particularize the complaint in order to define

the issues. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). Except in certain specified cases, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Nevertheless, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). Therefore, federal civil pleading rules provide for a minimal pleading standard to ensure that the adverse party is reasonably informed of asserted causes of action such that he can file a responsive answer and prepare an adequate defense. Fed.R.Civ.P 8(a)(2).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 555 (2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Olekanma provides insufficient facts to support a plausible federal civil claim. Thus, he will be directed to supplement the complaint.

## II. Plaintiff's Allegations

Olekama alleges there was a "murder or an assassination attempt" on his life on December 27, 2018. ECF 1 at 12. He asserts that on that date he "was the target of multiple gun shots fired from different direct [sic] aiming at me while [] at my home" in Lanham, Maryland. *Id*. On

2

January 17, 2019 "multiple gunshots" were fired at him again while he was at home. *Id.* There were more than 100 bullet holes in his home as a result of the shooting. *Id.*

Olekama alleges that prior to the shootings, he had "received several warnings from my job (INTEL) which I shared with the agency (DEPT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES) and which were ignored and no action was taken to investigate or to protect me."[1] *Id.* He asserts defendants "know about the attack or had information about the attack or aided and abated [sic] the attacks." *Id.* Of import, Olekama provides no details to substantiate how defendants knew of or aided and abetted the shootings.

Olekanma submitted with the complaint a copy of the Prince George's County Police case report #18-0077528-001 for the incident of December 27, 2018. The report found "destruction, damage, vandalism" by gunfire to the home, and states the unidentified suspect wore a "gray hoodie, black pants, and white with black stripe shoes." ECF 1-1 at 1-4.[2] Security camera footage from the home revealed three unknown suspects inside a vehicle parked in front of the house during the early morning hours of December 27, 2018. ECF 1-1 at 1, 15. Two suspects emerged from the vehicle and started walking toward the house, with one holding a shortened shotgun. ECF 1-1 at 15.

---

[1] I take notice that Olekanma was employed by the DPSCS as a correctional officer at Jessup Correctional Institution. Civil Action No. DKC-15-984, ECF 25 at 2 (dismissing Olekanma's work place harassment claims against medical and correctional staff). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (quoting 21 Charles Alan Wright & Kenneth W. Graham, *Federal Practice and Procedure: Evidence*, § 5106 at 505 (1977)). In the instant complaint, Olekanma does not indicate whether he is currently employed by DPSCS.

[2] Olekanma did not file the police report for the shooting on January 17, 2019 shooting.

The police report noted damages to the home, including windows, siding, drywall, and a bedroom nightstand. ECF 1-1 at 8-11. A twelve-gauge shotgun casing, Winchester model, and a Makarov 9mm casing, and other tools were recovered as evidence by the police. ECF1-1 at 12, 13. The police report concluded: "From all of the evidence present on the scene, this was not a random act, but more of a deliberate act of violence towards the occupants" inside the house. ECF 1-1 at 16.

Plaintiff alleges that defendants are culpable or vicariously liable for abusing their authority and failing to report the "impending violence" to appropriate authorities. *Id.* Further, he alleges that attempts by the local police and a private investigator he hired to interrogate defendants have been thwarted, blocked, or ignored by Margaret Chippendale, Warden of the Maryland Correctional Institution for Women. *Id.* at 13. As relief, Olekanma seeks $100 million, an investigation of the murder plot, and asks that defendants to be held liable in the event of his sudden or unexplained death. *Id.* at 7, 13.

### III. Discussion

#### A. Criminal Statutes

At the heart of Olekanma's complaint is his desire to remain safe and to locate those who mean him harm. Investigation of the crimes alleged is the purview of law enforcement authorities. As a private citizen, Olekama lacks standing to bring criminal charges against another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another). Thus, to the extent Olekama raises claims under criminal statutes

codified at 18 U.S.C. § 4 (misprision of felony),[3] § 241 (conspiracy against civil rights), § 242 (deprivation of rights under color of law), § 1512 (witness tampering), § 1968 (civil investigation demand), § 1964 (civil remedies), § 1918 (disloyalty and asserting the right to strike against the government), he lacks standing to file criminal charges. ECF 1 at 11.

### B. Civil Statutes

Olekanma's civil claims, including unlawful discrimination, fraud**,** harassment, failure to protect from attack, intentional infliction of emotional distress, and abuse of authority (ECF 1 at 11-12) are presented as legal conclusions devoid of supporting facts needed to discern the basis of these claims. In other words, Olekanma provides no facts to substantiate his allegation that defendants were aware of the shootings, abetted the shooters, or are vicariously liable for the shootings. Further, Olekama provides no facts to support his allegation that Margaret Chippendale blocked a police investigation into the shootings. And, apart from including their names in the caption of the complaint, he makes no mention of the other defendants.

The Court will grant Olekanma twenty-one (21) days to supplement his civil claims. The supplement should include, but need not be limited to, identifying the federal or state laws or constitutional provisions each defendant allegedly violated, with factual assertions to support each claim. Plaintiff must provide a short statement of facts that describes how each defendant was involved or knew in advance of the shootings. Additionally, plaintiff must state with particularity facts to support his claim that Margaret Chippendale hindered the police investigation of the shooting.

---

[3] Misprision punishes those who have "knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States." 18 U.S.C. § 4.

Olekanma is cautioned that if he fails to comply fully with this Order, or fails to provide sufficient information to support a federal civil claim, this case will be dismissed without prejudice, and without further notice from the court.

An Order follows.

Date: July 3, 2019

/s/
Ellen L. Hollander
United States District Judge